UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWIN BOYER, | : |
| | : |
| Plaintiff | : |
| | : |
| v. | : CIVIL NO. 3:CV-06-0432 |
| | : |
| JEFFERY BEARD, et al., | : (Judge Kosik) |
| | : |
| Defendants | : |

# **M E M O R A N D U M**

## **Introduction**

Edwin Boyer, an inmate currently confined at the State Correctional Institution at Camp Hill ("SCI-Camp Hill"), Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. Named as defendants are Jeffery Beard, Secretary of the Department of Corrections ("DOC"), John Schaffer, Deputy Secretary of the DOC, and the following SCI-Camp Hill employees: Donald Kelchner, Superintendent; Rick Southers, Manager of the Special Management Unit ("SMU") and Mr. Chambers, Unit Counselor in the SMU. Also listed are three (3) Doe defendants that Plaintiff only labels as DOC employees who are members of the PRC.

In the complaint, Plaintiff challenges his confinement in the Special Management Unit at SCI-Camp Hill. He contends that he was placed in the SMU on November 30, 2005, in violation of due process as well as DC-ADM 802-2 because

he did not first receive a hearing. Service of the complaint was directed on Defendants on March 22, 2006 (Doc. 9.) Pending in this case is a motion to dismiss the complaint filed by Defendants Beard, Kelchner, Southers, Chambers and Schaffer.[1] (Doc. 17.) Instead of filing opposition to the motion to dismiss, Plaintiff filed a motion to amend his complaint on July 31, 2006, and submitted a proposed amended complaint (Doc. 22). He also filed a motion to compel the production of documents/responses to interrogatory questions on the same date. A brief in support of the motion has also been filed.[2] Also pending are the following motions filed by Defendants Beard, Kelchner, Southers, Chambers and Schaffer: a motion to dismiss Plaintiff's amended complaint (Doc. 28) which has been fully briefed by the parties, and a motion to stay discovery in light of the pending motion to dismiss the amended complaint (Doc. 30). The court will now address these motions.

---

[1] Plaintiff never identified the Doe defendants and, as such, they have never been served with the complaint in this action. He will be afforded twenty (20) days to provide the names of the Doe defendants so that service can be directed upon them. His failure to do so will result in the dismissal of the Doe defendants from this action.

[2] On the docket it appears that Plaintiff filed a "Motion for Production of Documents" with the court on July 31, 2006. (Doc. 25.) After reviewing the file, it is clear that Plaintiff intended this document to be an attachment to his brief in support of the motion to compel. The Clerk of Court will be directed to make the appropriate correction to the docket.

2

**Background**

In the original complaint, Plaintiff sets forth allegations of a denial of due process in connection with his transfer into the SMU at SCI-Camp Hill. He contends that his transfer was arbitrary and without the necessary due process, and that he is subjected to atypical and significant hardship in the SMU. Although he filed grievances, Defendants failed to remedy the problem. However he does admit that on December 22, 2005, less than one (1) month following his transfer, Defendants did attempt to provide him with a telephonic hearing. He challenges this effort in that it did not occur prior to his placement in the SMU. Plaintiff seeks monetary, injunctive and declaratory relief.

**Discussion**

    **A.    Plaintiff's Motion to Amend the Complaint**

Defendants have moved to dismiss the complaint (Doc. 17) on the basis that Plaintiff did not suffer any atypical and significant hardship entitling him to due process protections and that, even if he had, the post-transfer hearing satisfied the due process requirement. Plaintiff did not oppose this motion, but rather, filed a motion to amend his complaint along with a proposed amended complaint on July 31, 2006. It is well-established that Rule 15(a) of the Federal Rules of Civil Procedure provides this court with discretion to grant or deny leave to amend a pleading. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971). The rule, however,

advises that "leave shall be freely given when justice so requires," Fed. R. Civ.. P. 15(a), and, in general, courts liberally permit parties to amend their pleadings. See Boileau v. Bethlehem Steel Corp., 730 F.2d 929, 938 (3d Cir. 1984); Cornell & Co. v. Occupational Safety & Health Review Comm'n, 573 F.2d 820, 823 (3d Cir. 1978).

Despite this general liberality, the Supreme Court has enumerated specific factors that may justify the denial of leave to amend. See Foman v. Davis, 371 U.S. 178, 182 (1962). These factors include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, [and] futility of amendment." Id. at 182; see also Bailey v. United Airlines, 279 F.3d 194 (3d Cir. 2002). A denial of leave to amend where none of these factors are present is an abuse of discretion. Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000). "It is well-settled that prejudice to the non-moving party is the touchstone for the denial of an amendment." Cornell & Co., 573 F.2d at 823.

In the instant case there is no indication that there is any bad faith or dilatory motivation behind Plaintiff's request to amend his complaint. In the amended complaint submitted, Plaintiff does not seek to add any new parties, but rather, he fleshes out his denial of due process claim and his contention that he is being subjected to atypical and significant conditions in the SMU. The defendants have not filed any opposition to his motion to amend, but rather, have submitted a motion to

dismiss the amended complaint on the basis of failure to state a claim. Based upon the procedural status of the case, the amended complaint (Doc. 22) will be accepted by the court as the standing complaint in this matter. Defendants' first motion to dismiss (Doc. 17) will be denied as moot, and the court will proceed to address their motion to dismiss the amended complaint which is fully briefed.

### B.    Motion to Dismiss the Amended Complaint

Federal Rule of Civil Procedure 12(b)(6) allows a defendant, in response to a complaint, to file a motion to dismiss a complaint for "failure to state a claim upon which relief can be granted . . . ." A motion to dismiss should not be granted if "under any reasonable reading of the pleadings, the plaintiff [ ] may be entitled to relief . . . ." Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000). In making that decision, the court must accept as true all well-pleaded allegations in the complaint, Maio v. Aetna, Inc., 221 F.3d 472, 481-82 (3d Cir. 2000), and construe any reasonable inferences to be drawn from them in the plaintiff's favor. See United States v. Occidental Chemical Corp., 200 F.3d 143, 147 (3d Cir. 1999). Consequently, the court need not accept "bald assertions" or "legal conclusions." Morse v. Lower Merion School District, 132 F.3d 902, 906 (3d Cir. 1997). Likewise, the court need not "conjure up unpled allegations or contrive elaborately arcane scripts" in order to breathe life into an otherwise defective complaint. Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988). A complaint that sets forth facts

which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. Grayson v. Mayview State Hospital, 293 F.3d 103, 106 (3d Cir. 2002); Estelle v. Gamble, 429 U.S. 97, 107-08 (1976).

The motion to dismiss the amended complaint filed by Defendants Beard, Kelchner, Southers, Chambers and Schaffer (Doc. 28) is before the court for consideration in light of the foregoing principles. In the amended complaint, Plaintiff alleges that on July 8, 2005, Defendant Beard instituted policy DC-ADM 802-2 which provides that prior to an inmate's transfer to a Special Housing Unit, the inmate is to be placed on notice of said transfer, informed of the reason(s) for the transfer and given an opportunity to respond. Plaintiff states that on October 20, 2005, he was seen by the PRC Board regarding his placement in the Restrictive Housing Unit ("RHU"), but was never told that he was going to be transferred to the SMU. At some point thereafter in October, 2005, Plaintiff states that Defendant Schaffer reviewed and approved his transfer to the SMU without providing him with the required due process.

On November 30, 2005, Plaintiff was arbitrarily transferred to the SMU. He claims that he saw Defendants Southers and Chambers on this date but they never informed him about the transfer. On December 7, 2005, Plaintiff filed a grievance with regard to this matter. In responding to the grievance, Plaintiff alleges that Defendants admitted he was not provided with due process, but yet denied his request

for relief.  Plaintiff thereafter exhausted his claim through the prison grievance system, but was unsuccessful.

Plaintiff does admit, however, that as a result of his filing of the grievance, Defendants ". . . tried to provide [him] with a teleconference."  (Doc. 22 at 9.) Plaintiff claims that the teleconference was biased, prejudicial and inadequate because ". . . defendants never put the plaintiff on notice as to why he was recommended for the S.M.U.  They never gave him a chance to respond or object to such placement."  (Id.)  He further contends that even if they had provided him with reasons and an opportunity to challenge the placement, the due process was suppose to take place prior to his transfer.

Plaintiff also contends that the conditions in the SMU amount to atypical and significant hardship as compared to his confinement in the Restricted Housing Unit. For example, he claims that inmates can remain in the SMU indefinitely, and are not allowed to participate in "activities, educational services or employment."  (Id. at 12.) He claims that in the RHU, inmates are able to participate in such activities.  He further contends that while in the RHU inmates can have one regular contact visit a week and some phone calls, in the SMU visitors are separated from the inmate by a plexiglass window and must use a telephone to communicate.  He also claims that unlike in the RHU, inmates in the SMU are only permitted to possess one newspaper and ten (10) photographs as opposed to one newspaper, ten (10) books, ten (10)

7

magazines and ten (10) photographs in the RHU.  Plaintiff goes on to distinguish the availability of hygienic items and psychiatric counseling while confined in the SMU, and claims that you are kept in your cell 23 hours a day on weekdays and 24 hours a day on weekends except for occasional visits to the law library.  He further complains of the restricted ventilation, poor heating and cooling system and lack of sanitation in the SMU.  All of the foregoing alleged conditions, according to Plaintiff, subject him to atypical and significant hardship.

Plaintiff sues Defendants in both their individual and official capacities.  Defendants first move for the dismissal of all claims against them in their official capacities for money damages.  It is well established that state officials cannot be sued in their official capacities for money damages as such is barred by the Eleventh Amendment.  See Edelman v. Jordan, 415 U.S. 651, 663 (1974); Laskaris v. Thornburgh, 661 F.2d 23, 26 (3d Cir. 1981).  As such, the motion to dismiss these claims will be granted.

Defendants next move to dismiss the complaint on the basis that due process protections only apply to Plaintiff if the conditions to which he is subjected create an "atypical and significant hardship" on him "in relation to the ordinary incidents of prison life" under the principles announced in Sandin v. Conner, 515 U.S. 474, 484 (1995).  A due process liberty interest "in avoiding particular conditions of confinement may arise from state policies or regulations." Francis v. Dodrill, 2005

8

WL 2216582, *3 (M.D. Pa. Sept. 12, 2005), citing <u>Wilkinson v. Austin</u>, ___ U.S. ___, ___, 125 S.Ct. 2384, 2393, 162 L.Ed.2d 174 (2005). The Due Process Clause protects a prisoner's right to "freedom from restraint, which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship in relation to the ordinary incidents of prison life. <u>Wilkinson</u> at 2394 (quoting <u>Sandin v. Conner</u>, 515 U.S. 472, 484 (1995)). In <u>Wilkinson</u>, the Supreme Court applied the <u>Sandin</u> test and found that the plaintiff's due process rights were implicated when he was placed in a program where:

> almost all human contact is prohibited, even to the point that conversation is not permitted from cell to cell; the light, though it may be dimmed, is on for 24 hours; exercise is for 1 hour per day, buy only in a small indoor room ....
> [P]lacement ... is indefinite and, after an initial 30 day review, is reviewed just annually ....[P]lacement disqualifies an otherwise eligible inmate for parole consideration.

<u>Id</u>. at 2394-95. The <u>Wilkinson</u> Court found that these harsh conditions "give rise to a liberty interest in their avoidance." <u>Id</u>. at 2395.

Taking all of Plaintiff's allegations as true in his complaint, but without passing any judgment as to the ultimate success of his claims, the court will allow the claims to proceed so that a record can be developed in this matter.

The court finds unavailing Defendants' argument that even if there was atypical and significant hardship at issue, the claims are subject to dismissal because

Plaintiff received sufficient notice and hearing for due process purposes.  Defendants state that he received a telephone hearing on December 22, 2005, less than one month after his placement in the SMU.  They contend that at the hearing, the reasons for Plaintiff's transfer were explained to him and that Plaintiff does not allege that he was not given an opportunity to respond to those reasons.  In Plaintiff's amended complaint however, he challenges the post-placement teleconference and states that "defendants never put Plaintiff on notice as to why he was recommended for the S.M.U., they never gave him a chance to respond or object to such placement."  (Doc. 22 at 9.)  Accepting Plaintiff's allegations as true, the motion to dismiss must be denied and the matter allowed to proceed.

### C. Discovery Motions

Based upon the resolution of Defendants' motion to dismiss the amended complaint, Defendants will be directed to file an answer to the complaint within fifteen (15) days.  Defendants' pending motion to stay discovery (Doc. 30) will be denied, and Defendants directed to respond to Plaintiff's outstanding discovery requests within thirty (30) days.  Plaintiff's motion to compel responses to his discovery requests will be denied without prejudice in that Defendants have been given thirty (30) days within which to submit their responses.

An appropriate Order follows.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWIN BOYER, | : |
| | : |
| Plaintiff | : |
| | : |
| v. | : CIVIL NO. 3:CV-06-0432 |
| | : |
| JEFFREY A. BEARD, et al., | : (Judge Kosik) |
| | : |
| Defendants | : |

**O R D E R**

**NOW, THIS 29th DAY OF JANUARY, 2007,** based upon the accompanying Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. Within twenty (20) days from the date of this Order, Plaintiff shall identify the three (3) Doe defendants listed in the amended complaint so that service can be directed, or said defendants will be dismissed from this action.

2. Plaintiff's motion to amend the complaint (Doc. 22) is **granted**. The amended complaint submitted will be accepted as the standing complaint in this action. The Clerk of Court is directed to correct the docket to reveal that Document 25 is not a pending motion, but rather "Exhibit A" to Plaintiff's Brief in Support of his Motion to Compel (Doc. 24).

3. Defendants' motion to dismiss (Doc. 17) is **denied as moot**.

4. Defendants' motion to dismiss the amended complaint (Doc. 28) is **granted in part and denied in part**. The motion is granted to the extent that all claims set forth against Defendants in their official capacities for monetary damages are dismissed. The motion to dismiss is denied in all other respects. Defendants are directed to file an answer to the complaint within fifteen (15) days.

5.  Defendants' Motion to Stay Discovery (Doc. 30) is **denied** in light of the court's resolution of their motion to dismiss the amended complaint.  Within thirty (30) days from the date of this Order, Defendants shall respond to Plaintiff's outstanding discovery requests.

6.  Plaintiff's motion to compel responses to discovery requests (Doc. 23) is **denied as moot**.


                                          s/Edwin M. Kosik
                                         United States District Judge