UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

EDWIN BOYER,

    Plaintiff

v.  :  CIVIL NO. 3:CV-06-0432

JEFFREY BEARD, et al.,  :  (Judge Kosik)

    Defendants

FILED
SCRANTON
MAR 1 2 2007
_____
DEPUTY CLERK

## MEMORANDUM and ORDER

**Background**

Edwin Boyer, an inmate currently confined at the State Correctional Institution at Camp Hill ("SCI-Camp Hill"), Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. Named as defendants are Jeffery Beard, Secretary of the Department of Corrections ("DOC"), John Schaffer, Deputy Secretary of the DOC, and the following SCI-Camp Hill employees: Donald Kelchner, Superintendent; Rick Southers, Manager of the Special Management Unit ("SMU") and Mr. Chambers, Unit Counselor in the SMU. Also listed are three (3) Doe defendants that Plaintiff only labels as DOC employees who are members of the PRC. The matter proceeds on an amended complaint wherein Plaintiff challenges his confinement in the Special Management Unit at SCI-Camp Hill. He contends that he was placed in the SMU on November 30, 2005, in violation of due process as well as DC-ADM 802-2 because

he did not first receive a hearing.

On January 29, 2007, the court issued a Memorandum and Order granting in part and denying in part Defendants' motion to dismiss the amended complaint (Doc. 35). Defendants' motion to stay discovery was denied in light of the court's resolution of the motion to dismiss, and Defendants directed to respond to outstanding discovery requests within thirty (30) days. Further, Plaintiff was directed to identify the three Doe defendants listed in the amended complaint within twenty (20) days, and warned that the failure to do so would result in the dismissal of said defendants from this action. Because Plaintiff has failed to do so, and the relevant time period has expired, the Doe defendants will be dismissed from this action. The Clerk of Court will be directed to make the appropriate notation to the docket.

Presently pending are two motions filed by Plaintiff - one seeking the appointment of counsel (Doc. 38) and the other requesting an enlargement of sixty (60) days to "file brief in support of motion" (Doc. 39). Upon review, it appears that Plaintiff seeks the enlargement of time to respond to Defendants' discovery requests. For the reasons that follow, the enlargement will be granted. The motion for appointment of counsel will be denied without prejudice.

**Discussion**

    **A.**    **Motion for Appointment of Counsel**

It is a well-established principle that prisoners have no constitutional or

2

statutory right to appointment of counsel in a civil case. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). Yet, district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915. Montgomery v. Pichak, 294 F.3d 492, 499 (3d Cir. 2002), citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499. In addition, a weighing of the other pertinent factors play in to the determination as to whether counsel should be appointed. Those factors are:

  1. The plaintiff's ability to present his or her own case;

  2. The difficulty of the particular legal issues;

  3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue the investigation;

  4. The plaintiff's capacity to retain counsel on his or her own behalf;

      5. The extent to which a case is likely to turn on credibility determinations; and,

      6. Whether the case will require testimony from expert witnesses. Montgomery, 294 F.3d at 499, citing Tabron, 6 F.3d at 155-57.

In support of his motion for counsel, Plaintiff contends that he is "having problems with receiving mail from the court" and is a pro se litigant not versed in the law and functioning on a fourth to seventh grade level. (Doc. 38 at 1.) He further indicates that his access to the law library is limited, but does admit that he is currently receiving assistance from a fellow inmate.

This case is still at a relatively early stage. To date, Plaintiff has shown every sign that he is fully capable of litigating this case on his own and that he does receive mailing from this court. He has responded successfully to Defendants' motion to dismiss his amended complaint, and submitted filings which are both literate and comprehensible. He also indicates that he currently has assistance with the preparation of his legal filings. While in his motion for counsel he indicates that he does not have access to the law library, he reveals in the motion for enlargement filed on the same date that he does have access to the law library, even though it is not as often as he would like. (Doc. 39 at 1.) He further states that he is scheduled to be released from prison on March 9, 2007. For all of these reasons, the motion for appointment of counsel will be denied without prejudice at this time. Should future proceedings demonstrate the need for counsel, the matter can be reconsidered, either

4

sua sponte or upon a motion properly filed.

**B.   Motion for Enlargement of Time**

Plaintiff has also filed a motion seeking an enlargement of sixty (60) days within which to "draw up motions to answer to Defendants' first set of interrogatories . . . ." (Doc. 39.) It thus appears that Plaintiff seeks additional time to respond to Defendants' discovery requests, and the motion will be granted. Plaintiff shall respond to the discovery requests within sixty (60) days from the date of this Order.

**ACCORDINGLY, THIS** 12th **DAY OF MARCH, 2007, IT IS HEREBY ORDERED THAT:**

1. The Doe defendants are hereby **dismissed** from this action. The Clerk of Court is directed to make the appropriate notation to the docket.

2. Plaintiff's motion for the appointment of counsel (Doc. 38) is **denied without prejudice**.

3. Plaintiff motion for enlargement of time to respond to discovery requests (Doc. 39) is granted. Plaintiff shall respond to Defendants' requests on or before May 8, 2007.

EDWIN M. KOSIK
United States District Judge